UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSEPH LAFERRIERE

        Plaintiff,

-v-                                         **COMPLAINT**

THE PORT AUTHORITY OF NEW YORK      **JURY TRIAL DEMANDED**
AND NEW JERSEY, POLICE OFFICER
CONNOR HAY

                                                23-cv-2728

        Defendants.

----------------------------------------------------------X

        Joseph Laferriere ("Plaintiff"), by and through his attorney, Cody Warner, P.C., states and alleges as follows against The Port Authority of New York and New Jersey and Police Officer Connor Hay:

**PRELIMINARY STATEMENT**

        1.        This is a civil rights action in which Plaintiff seeks relief for Defendants' violation of his civil rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the laws and Constitution of the State of New York.

        2.        Plaintiff's claims—as applicable by United States and New York law—include false arrest, malicious prosecution, denial of the right to a fair trial, and negligent hiring, retention and supervision.

        3.        Plaintiff's claims arise from a July 20, 2022 incident at John F. Kennedy International Airport ("JFK Airport") in which Defendant Police Officer Connor Hay

1

("Defendant Hay"), acting under the color of state law, unlawfully arrested and detained Plaintiff.

4. Plaintiff was subsequently prosecuted by the Queens County District Attorney's Office, and all charges against Plaintiff were dismissed on November 21, 2022.

5. The Defendants' acts caused Plaintiff to be deprived of his liberty, sustain emotional injuries, and lose wages and career opportunities.

6. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

7. The federal claims in this action are brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction for those claims is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4). Further, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction to adjudicate the state claims raised in this complaint.

## JURY TRIAL DEMANDED

8. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all of his claims as pleaded herein.

## VENUE

9. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim with The Port Authority of New York and New Jersey ("Defendant Port Authority") on January 27, 2022. The notice requirements provided by McK. Unconsol.Laws § 7107 are satisfied, since more than sixty days have elapsed between the filing of this complaint and service of the Notice of Claim.

## PARTIES

11. Plaintiff, who resided in in Kings County, New York during the claimed incident, currently resides in Cumberland County, North Carolina.

12. Defendant Port Authority is a governmental entity organized under the laws of New York and New Jersey and authorized by the Congress of the United States.

13. As authorized by law, Defendant Port Authority maintains a police department, the Port Authority Police Department ("PAPD"), which acts as its agent and for which it is ultimately responsible.

14. At all times relevant hereto, Defendant Port Authority, acting through the PAPD, was responsible for the policy, practice, supervision, implementation, and conduct of all PAPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all PAPD personnel, including police officers, detectives, supervisory officers as well as Defendant Hay.

15. At all times here relevant, Defendant Port Authority was responsible for enforcing the rules of the PAPD and for ensuring that PAPD personnel obey the laws of the United States and the State of New York.

16. Defendant Hay was at all times here relevant, a police officer employed by the PAPD under shield #3480 who acted under the color of state law in the capacity of an agent,

servant and employee of Defendant Port Authority. Defendant Hay is being sued in his individual and official capacities.

## STATEMENT OF FACTS

17. On July 20, 2022, Plaintiff was a ticketed passenger on Jet Blue Flight #1835, which was scheduled to depart JFK Airport at 12:33 PM for Port-au-Prince, Haiti.

18. That day, Plaintiff arrived at JFK Airport and waited to board his plane at Gate 16 inside of Terminal 5.

19. Flight #1835 boarded hours later than scheduled. After eventually boarding the plane, Plaintiff and other passengers waited inside of the plane at the gate for approximately four hours. JetBlue employees eventually told passengers they could leave the plane if they chose, but they indicated the flight was not yet cancelled.

20. Plaintiff and approximately ten to twenty other passengers remained on the plane to ask clarifying questions about whether the flight was delayed or cancelled.

21. PAPD officers, including Defendant Hay, entered the plane and spoke to passengers.

22. While on the plane, PAPD officers told Plaintiff and other passengers that the flight was cancelled.

23. Plaintiff voluntarily exited the plane and waited at Gate 16 with other passengers to ascertain whether JetBlue would offer another flight to Port-au-Prince that day.

24. While waiting at the gate, PAPD officers, including Defendant Hay, approached and surrounded Plaintiff.

25. PAPD officers had no credible reason to approach Plaintiff, nor did they have reasonable suspicion or probable cause to believe he had committed any offense.

26. The PAPD officers then unlawfully demanded that Plaintiff provide ID. Plaintiff complied with the demand by providing his identification.

27. Plaintiff was then handcuffed.

28. Plaintiff had committed no offense or crime.

29. Plaintiff was in PAPD custody for several hours before being released after receiving a Desk Appearance Ticket ("DAT").

30. Defendant Hay, the arresting officer, issued the DAT to Plaintiff.

31. The DAT accused Plaintiff of committing P.L. § 240.08 Inciting to Riot.

32. Defendant had not committed P.L. § 240.08 Inciting to Riot.

33. The DAT ordered Plaintiff to appear in Queens County Criminal Court on August 9, 2022.

34. Defendant Hay forwarded the DAT to the Queens District Attorney's Office ("Queens DA").

35. The Queens DA did not charge Plaintiff with P.L. § 240.08 Inciting to Riot.

36. The Queens DA drafted a criminal complaint related to the alleged incident that charged Plaintiff with Reckless Endangerment in the Second Degree (P.L. § 120.20), Obstructing Governmental Administration in the Second Degree (P.L. § 195.05), and Disorderly Conduct (P.L. § 240.20(6)).

37. Defendant Hay signed and forwarded the criminal complaint to the Queens DA.

38. Defendant Hay knew that the revised charges in the criminal complaint were fabricated.

39. The criminal complaint was docketed under CR-018998-22QN.

40. Plaintiff was arraigned on the criminal complaint in Queens County Criminal Court on August 9, 2022.

41. Plaintiff was released on his own recognizance at his arraignment.

42. Plaintiff was ordered by the Queens County Criminal Court to attend further court appearances. Those subsequent appearances occurred on October 3, 2022 and November 21, 2022.

43. On November 21, 2022, the Plaintiff's criminal case was dismissed by motion of the Queens DA.

44. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law.

45. Upon information and belief, the Port Authority, the PAPD and their respective policy and decision makers and supervisors have imposed or acquiesced to polices or customs within the PAPD that resulted in Plaintiff's arrest without probable cause.

46. Upon information and belief, the Port Authority, the PAPD and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

47. The instant arrest of Plaintiff, without even the semblance of probable cause, was so egregious as to amount to deliberate indifference by the policy and decision makers within the Port Authority and PAPD. The need for enhanced training and supervision is obvious due to the clear lack of probable cause to arrest and prosecute Plaintiff.

48. Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current polices and customs of the Port Authority and PAPD are within the exclusive knowledge of the Defendants.

49. As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

    a. Deprivation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    b. Deprivation of his rights under the laws and Constitution of the State of New York;

    c. Emotional Trauma, distress, degradation and suffering;

    d. Attorney's fees for his criminal case;

    e. Lost wages and career opportunities. Prior to his arrest, Plaintiff applied to work at the Metropolitan Transit Authority as a train operator. In October 2022, MTA gave Plaintiff a conditional offer of employment, and he would tentatively begin work on October 31, 2022. However, due to his then pending criminal case, his application was held in abeyance, and the MTA ultimately passed over his application because his case was not dismissed before the start date of October 31, 2022. Further, Plaintiff is a member of the United States Army Reserves, and he had planned to self-select for deployment in the fall of 2022—which would also be honored by the MTA had he secured employment at the MTA. Plaintiff's obligation to repeatedly attend criminal court appearances prevented him from being able to be deployed. Lastly, when Plaintiff was arrested in July 2022, he was employed by Summitworks Technologies ("Summitworks"), a company that subcontracts with other companies to provide IT support. However, due to his pending criminal case in July 2022 through

November 2022, Summitworks would not place him to work with other companies because he would fail a background check due to his pending criminal case.

## FIRST CLAIM

### False Arrest Under 42 U.S.C. § 1983

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

51. Defendant Hay deprived Plaintiff of his rights afforded by the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting and detaining Plaintiff.

52. The wrongful and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without probable cause, without a warrant, and without privilege or consent.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under New York State Law

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

55. Defendant Hay subjected Plaintiff to false arrest and deprivation of liberty without probable cause.

56. Plaintiff was conscious of his confinement.

57. Plaintiff did not consent to his confinement.

58. Plaintiff's arrest was not otherwise privileged.

59. Defendant Port Authority, as the employer of Defendant Hay, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

60. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM

### Malicious Prosecution Under 42 U.S.C. § 1983

61. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

62. Defendant Hay violated Plaintiff's Fourth and Fourteenth Amendment rights by maliciously prosecuting Plaintiff.

63. Defendant Hay commenced a prosecution against Plaintiff.

64. Defendant Hay lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

65. Defendant Hay acted with malice.

66. In the absence of probable cause, malice may be inferred.

67. The prosecution was terminated in Plaintiff's favor.

68. As direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM

### Malicious Prosecution Under New York State Law

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

70. Defendant Hay maliciously prosecuted Plaintiff.

71. Defendant Hay commenced a prosecution against Plaintiff.

72. Defendant Hay lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

73. Defendant Hay acted with malice.

74. In the absence of probable cause, malice may be inferred.

75. The prosecution was terminated in Plaintiff's favor.

76. Defendant Port Authority, as employer of Defendant Hay, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

77. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Denial of Right to a Fair Trial Under 42 U.S.C. § 1983

78. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

79. Defendant Hay deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment right to a fair trial.

80. As the arresting officer of Plaintiff, Defendant Hay was an investigating official for Plaintiff's arrest.

81. Defendant Hay deliberately forwarded fabricated information to the Queens County District Attorney's Office.

82. The fabricated information forwarded by Defendant Hay was likely to influence a jury's verdict.

83. As a direct and proximate result of this unlawful conduct, Plaintiff was deprived of his liberty and sustained the damages hereinbefore alleged.

## SIXTH CLAIM

**Governmental Entity "Monell" Liability Under 42 U.S.C. § 1983 Against Defendant Port Authority**

84. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

85. Defendant Port Authority maintained a policy, custom or practice that caused Plaintiff to be deprived of his constitutional right to be free from illegal searches and seizures.

86. Defendant Port Authority's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising decision or policymaker must, or should, have been aware of.

87. Defendant Port Authority's supervisors, decision or policymakers failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who encounter Defendant Port Authority's employees.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

**Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant Port Authority**

89. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

90. Defendant Port Authority owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employee Defendant Hay.

91. Defendant Port Authority breached that duty of care.

92. Defendant Port Authority placed Defendant Hay in a position where he could inflict foreseeable harm.

93. Defendant Port Authority knew or should have known of employee Defendant Hay's propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

94. Defendant Port Authority failed to take reasonable measures in hiring, retaining and supervising its employee Defendant Hay that would have prevented the aforesaid injuries to Plaintiff.

95. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

   a. An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial;

   c. A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

   d. Such other and further relief as this Court may deem appropriate.

DATED:    April 12, 2023
                New York, New York

                                                        _____
                                                        Cody Warner, Esq.
                                                        11 Broadway
                                                        Suite 615
                                                        New York, NY 10004
                                                        cody@codywarnercriminaldefense.com
                                                        212-627-3184

                                                        Attorney for Plaintiff