```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JOSEPH LAFERRIERE,                            :
                                                :    MEMORANDUM DECISION AND
                                   Plaintiff,   :    ORDER
                                                :
              - against -                       :    23-cv-2728 (BMC)
                                                :
                                                :
                                                :
  THE PORT AUTHORITY OF NEW YORK                :
  AND NEW JERSEY, CONNOR HAY, and               :
  JOSHUA KIM,                                   :
                                                :
                                                :
                                  Defendants.   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Joseph Laferriere brings this action pursuant to 42 U.S.C. § 1983 against the Port Authority of New York and New Jersey and two of its officers, alleging false arrest, malicious prosecution, and denial of right to a fair trial in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff's claims arise from an incident at JFK Airport in which two Port Authority Police Department ("PAPD") officers, Connor Hay and Joshua Kim, arrested him. Defendants have moved for summary judgment on each of plaintiff's claims. Because the videos and deposition testimony submitted to the Court by both sides create issues of material fact, defendants' motion is denied.

## BACKGROUND

In July 2022, plaintiff arrived at JFK Airport to board a JetBlue flight to Port au Prince, Haiti. The flight was delayed due to a maintenance issue arising from the aircraft being too hot. Once the maintenance issue was resolved, about half of the passengers boarded the aircraft. At that point, the temperature on the aircraft rose above 88 degrees and the crew stopped boarding passengers. Plaintiff and approximately twenty other passengers remained on the aircraft to ask

the flight crew how long their flight would be delayed. Members of the PAPD, including Officers Hay and Nichols, boarded the aircraft. Sometime afterwards, a JetBlue supervisor boarded the aircraft and told the passengers that their flight was cancelled. PAPD Sergeant Galvin then boarded the aircraft and ordered the passengers to deboard, stating that they would be arrested if they did not comply. At that point, plaintiff and the remaining passengers promptly deboarded.

After the plaintiff deboarded, Officer Hay and Sergeant Kim approached plaintiff at the gate and asked for his driver's license. Plaintiff provided the officers with his military identification card. Plaintiff then called out to the crowd in Haitian-Creole. At that point, Officer Hay placed plaintiff under arrest. Plaintiff was charged with trespass, disorderly conduct, reckless endangerment, and obstructing governmental administration. The Queens District Attorney's Office drafted a criminal complaint, which Officer Hay signed, charging plaintiff with those criminal offenses. A few months later, the charges against plaintiff were dismissed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must put forward some "concrete evidence from which a reasonable juror could return a verdict in his favor." Id. at 256. "[A]t the summary judgment stage, the district court is not permitted to make credibility determinations or weigh the evidence[.]" Kee v. City of New York, 12 F.4th 150, 166 (2d Cir. 2021). When

deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

## DISCUSSION

1. False Arrest

In analyzing Section 1983 claims for false arrest, courts look to the law of the state in which the arrest occurred. Under New York law, a plaintiff alleging false arrest must show that (1) defendant intended to confine plaintiff, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. See Weyand v. Okst, 101 F.3d 845, 853 (2d Cir. 1996). Here, the parties' dispute is over the final element of whether plaintiff's arrest was privileged. An arrest is "privileged" if it was based on probable cause, which exists when officers have knowledge sufficient to warrant a reasonable belief that the arrestee has committed or is committing a crime. See Illinois v. Gates, 462 U.S. 213, 245 (1983). I separately address whether defendants had probable cause to arrest plaintiff for the trespass and non-trespass charges.

A person commits trespass when he knowingly enters or remains unlawfully upon a premises. See N.Y. Penal Law § 140.05. The term "knowingly" indicates that a person must be aware that his presence upon a premises is unlawful. See People v. Basch, 36 N.Y.2d 154, 159, 365 N.Y.S.2d 836, 840 (1975). Defendants argue that they had probable cause to arrest plaintiff for trespass. Defendants point to Officer Hay's deposition testimony that the passengers "were no longer allowed to be on the aircraft" and the JetBlue supervisor's deposition testimony that the passengers "were advised [by PAPD] if they kept refusing to get off the plane that they will be arrested." Plaintiff counters that the video of the officers addressing the aircraft does not necessarily show the officers ordering plaintiff and the other passengers to deboard; rather, the

3

video depicts Officer Hay telling passengers that their questions about the flight would be answered if they deboarded.

When presented with the evidence from both sides, a jury could reasonably find either that Officer Hay ordered plaintiff (and the other passengers) to deboard, or that he merely encouraged them to deboard to rebook their flights. In other words, a jury could reasonably find that plaintiff did not knowingly remain upon the aircraft unlawfully, and thus did not commit trespass. Therefore, there is an issue of material fact as to whether defendants had probable cause to arrest plaintiff for trespass.[1]

Defendants also claim that they had probable cause to arrest plaintiff for obstruction of governmental administration, disorderly conduct, and reckless endangerment (the "non-trespass charges"). Defendants point to Officer Hay's testimony that plaintiff "incit[ed] [the passengers] to form a crowd" and "the passengers in the crowd push[ed] through [PAPD] officers[] after [plaintiff] yelled in Creole." Plaintiff counters that the videos taken at the gate do not show the crowd of passengers pushing the officers; rather, it shows that the crowd remains where they are after plaintiff calls out to them.

In light of the competing evidence, a jury could reasonably find either that plaintiff did or did not incite the crowd. There is thus an issue of fact as to whether defendants had probable cause to arrest plaintiff for the non-trespass charges.

2. Malicious Prosecution

Courts also look to New York law for the elements of a malicious prosecution claim

---

[1] Both parties agree that, once Sergeant Galvin boarded the aircraft and ordered the passengers to disembark, the passengers did so immediately. But there remains a triable issue of fact as to whether plaintiff had a legal right to be on the aircraft before Sergeant Galvin's order.

4

under Section 1983.  Plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as motivation for defendant's actions.  Bermudez v. City of New York, 790 F.3d 368, 377 (2d Cir. 2015).  The parties do not dispute the second element, as the charges against plaintiff were dismissed.  As to the remaining three elements, the Court need not determine here whether Officer Hay "initiated" the criminal proceedings against plaintiff or acted with malice, because, as established above, there are issues of material fact as to whether defendants had probable cause to arrest plaintiff for any charge.

3. Right to a Fair Trial

To make out a claim for denial of a right to a fair trial under Section 1983, plaintiff must show that (1) an investigating official (2) fabricated information (3) likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) plaintiff suffered a deprivation of life, liberty or property as a result.  See Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d. Cir. 2016).  Probable cause is not a defense to this claim.  See Jovanovic v. City of New York, 486 Fed. App'x 149, 152 (2d Cir. 2012).

At issue here is the accuracy of certain portions of Officer Hay's arrest report, which implicate the second element of the claim.  First, the report states that "[t]he passengers refused to exit [the aircraft] after multiple instructions [from Officer Nichols and himself] to do so." However, as discussed above, there is an issue of material fact as to whether Officer Hay ordered the passengers off the aircraft, which creates an issue of material fact as to whether he fabricated this portion of the report.  Second, the report states that plaintiff "incit[ed] [the] crowd [of passengers at the gate], causing public alarm and the crowd to push forward at the officers on

5

scene." Again, as discussed above, there are issues of material fact as to whether plaintiff incited the crowd and whether the crowd pushed the officers. There is thus an issue of material fact as to whether Officer Hay fabricated this statement as well.

4. Qualified Immunity

Qualified immunity is a complete defense to Section 1983 false arrest claims if the arresting officer can establish that there was "arguable probable cause" to arrest. See Williams v. Olsen, No. 22-3008, 2023 WL 7497231 (2d Cir. Nov. 13, 2023). "Arguable probable cause" exists when officers of reasonable competence could disagree on whether the probable cause test was met. But "[i]f officers of reasonable competence would have to agree that the information possessed by the officer at the time of the arrest did not add up to probable cause, the fact that it came close does not immunize the officer." Ackerson v. City of White Plains, 702 F.3d 15, 21 (2d Cir. 2012) (cleaned up).

Defendants argue that, if the Court finds there was no probable cause to arrest plaintiff, they are entitled to summary judgment on qualified immunity because they had arguable probable cause to arrest plaintiff. Plaintiff counters that defendants did not have arguable probable cause (let alone actual probable cause) to arrest plaintiff because Officer Hay did not order plaintiff to deboard and plaintiff did not incite the crowd of passengers at the gate.

As discussed above, there are issues of material fact as to whether defendants had actual probable cause to arrest plaintiff. These issues of material fact also preclude a finding of "arguable probable cause" because, first, defendants have not shown that reasonably competent officers could disagree on whether there was probable cause, and, second, plaintiff presented evidence that would support a jury finding of no probable cause. Courts in this circuit have denied defendants summary judgment on the qualified immunity defense when, drawing all

6

permissible inferences in plaintiff's favor, defendants have not established even arguable probable cause to arrest plaintiff.  See, e.g., Grytsyk v. Morales, 19-cv-3470, 2023 WL 6122693, at *4-6 (E.D.N.Y. Sept. 19, 2023); see also Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007) ("Arguable probable cause should not be misunderstood to mean 'almost' probable cause.").  Therefore, defendants are not entitled to judgment as a matter of law on their qualified immunity defense.

## CONCLUSION

Defendants' motion for summary judgment is denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
        November 28, 2023